IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAWRENCE LITTLE | : | |
| Petitioner | : | |
| v | : | Civil Action No. WDQ-05-2636 |
| KATHLEEN S. GREEN, Warden | : | |
| Respondent | : | |

o0o
**<u>MEMORANDUM</u>**

Pursuant to this Court's Order of October 18, 2005, Respondents have filed an Answer to the above-captioned Petition for Writ of Habeas Corpus, asserting that it is time-barred. Paper No. 4. Petitioner has filed a Rebuttal to the Answer. Paper No. 6. Upon review of the papers filed, this Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not necessarily entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons stated below, the Petition for Writ of Habeas Corpus shall be denied.

Background

On January 24, 2000, Petitioner pled guilty to a charge of possession with intent to distribute cocaine in the Circuit Court for Baltimore City. Paper No. 4 at Ex. 1. Petitioner was sentenced to a term of 12 years, with all of the sentence, except time served, suspended. *Id.* Petitioner did not appeal his conviction to the Maryland Court of Special Appeals. Petitioner's conviction, therefore, became final on February 23, 2000, thirty days after the date of his guilty plea when the time for filing an application for leave to appeal expired. *See* Md. Rule 8-204(a).

On June 17, 2002, a notice of violation of probation was filed. Paper No. 4 at Ex. 1 and

2. The notice was re-issued on July 19, 2002, and a hearing was ultimately held on June 9, 2003.[1]  *Id*.  Petitioner was found guilty of violating the terms of his probation and the balance of his suspended sentence, eleven years, two months, and eleven days, was imposed.  *Id*.  Petitioner filed two applications for review of sentence in the Circuit Court for Baltimore City on June 20, 2003, and August 28, 2003, both of which were denied on January 15, 2004.  *Id*. at Ex. 1.

On June 11, 2004, Petitioner filed a petition for post-conviction relief in the Circuit Court alleging: the involuntariness of his pleas; procedural defects; and ineffective assistance of counsel.  *Id*. at Ex. 2.  After a hearing, the Circuit Court denied post-conviction relief in a written decision dated November 4, 2004.  *Id*.  Petitioner filed an application for leave to appeal the denial of post-conviction relief on November 17, 2004, which was summarily denied by the Maryland Court of Special Appeals in an unreported decision dated August 10, 2005.  *Id*. at Ex. 3.  The mandate of the Court of Special Appeals was issued on September 13, 2004.  *Id*.

The instant Petition for Writ of Habeas Corpus was filed on September 22, 2005.  Paper No. 1.  Petitioner alleges, as grounds for relief, that: there was no preliminary hearing held; no attorney was provided to him at the "claimed preliminary hearing"; the speedy trial act was violated; counsel was ineffective; and the sentence imposed was illegal.  *Id*. at p. 3.

Standard of Review

---

[1] The violation of probation hearing was initially scheduled for August 28, 2002, rescheduled for October 24, 2002, and again rescheduled for April 5, 2003.  Paper No. 4 at Ex. 1 and 2.  There is no explanation for the delays in the record.  The issues raised in the pending Petition for Writ of Habeas Corpus, however, do not allege error with respect to the violation of probation proceedings.

There is a one year period of limitation imposed on prisoners seeking to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This one year period is, however, tolled while properly filed post conviction proceedings are pending. *See* 28 U.S.C. §2244(d)(2).; *see also Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000).

The one year limitation begins to run:

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party'." *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris*, 209 F. 3d at 330.

Analysis

Petitioner's conviction was final for purposes of federal habeas review on February 23, 2000. Thus, the instant Petition for Writ of Habeas Corpus should have been filed on or before February 23, 2001. The one year limitation period was not tolled in this case because there were no properly filed post conviction petitions filed, nor are any of the other tolling events listed in

§2244(d)(1) applicable to this case. Petitioner asserts in his Reply that his Petition is not time-barred and references the dates of his post conviction proceedings filed after his violation of probation hearing. Paper No. 6. To the extent that Petitioner is not asserting error with respect to the violation of probation proceedings in this case, the relevant date for purposes of the one year limitation period is the date of the original guilty plea. There is no provision for a tolling of the one-year limitation while serving a term of probation.

In light of the untimely filing and Petitioner's failure to assert circumstances which would warrant an equitable tolling of the statute of limitations, the Petition for Writ of Habeas Corpus shall be denied. A separate Order follows.


<u>February 3, 2006</u>                             _____/s/_____
Date                                                William D. Quarles, Jr.
                                                    United States District Judge